Case 1:24-cv-00527-SAG Document 19 Filed 05/09/24 Page 1 of 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHARLES WILSON, Derivatively on Behalf of MEDICAL PROPERTIES TRUST, INC.,

Plaintiff,

v.

G. STEVEN DAWSON, CATERINA A. MOZINGO, EMILY W. MURPHY, ELIZABETH N. PITMAN, D. PAUL SPARKS, JR., MICHAEL G. STEWART, and C. REYNOLDS THOMPSON, III, EDWARD K. ALDAG, JR., R. STEVEN HAMNER, J. KEVIN HANNA,

Defendants, and

MEDICAL PROPERTIES TRUST, INC.,

Nominal Defendant.

Case No. 1:24-cv-00527-SAG

**JOINT STIPULATION TO STAY DERIVATIVE ACTION**
**AND [PROPOSED] ORDER**

Plaintiff Charles Wilson ("Plaintiff"), nominal defendant Medical Properties Trust, Inc., ("MPT"), and individual defendants G. Steven Dawson, Caterina A. Mozingo, Emily W. Murphy, Elizabeth N. Pitman, D. Paul Sparks, Jr., Michael G. Stewart, and C. Reynolds Thompson, III, Edward K. Aldag, Jr., R. Steven Hamner, and J. Kevin Hanna (the "Individual Defendants") (collectively with MPT, "Stipulating Defendants," and together with Plaintiff, the "Stipulating Parties") jointly submit this Stipulation to Temporarily Stay Derivative Action (the "Stipulation") and in support thereof state as follows:

WHEREAS, on September 29, 2023, a federal securities action was initiated against MPT and certain of its officers and directors who are named defendants in this action in the United States

District Court for the Southern District of New York, captioned *Armstrong* v. *Medical Properties Trust, Inc., et al.*, Case No. 1:23-cv-08597-VSB (the "Federal Securities Litigation");

WHEREAS, on December 18, 2023 and March 1, 2024, shareholder derivative actions related to the Federal Securities Litigation were filed in the United States District Court for the Southern District of New York, captioned *Kanno* v. *Aldag, Jr., et al.*, Case No. 1:23-cv-10934-VSB (Dec. 18, 2023) and *Abbey* v. *Aldag, Jr., et al.*, Case No. 1:24-cv-01589-GHW-KHP (Mar. 1, 2024). Those actions (the "New York Derivative Litigation") arise out of the same alleged transactions and events as alleged in the Federal Securities Litigation, and involve overlapping defendants;

WHEREAS, on February 21, 2024, Plaintiff Wilson filed this derivative litigation purportedly in the right of, and for the benefit of, MPT against the Individual Defendants in this Court, captioned *Wilson v. G. Steven Dawson, et al.*, Case No. 1:24-cv-00527-SAG (the "Maryland Derivative Action");

WHEREAS, the Maryland Derivative Action, like the New York Derivative Litigation, arises out of similar alleged transactions and events as alleged in the Federal Securities Litigation, and involves overlapping defendants;

WHEREAS, Plaintiff filed a motion for appointment of Lead Plaintiff in the Federal Securities Litigation on November 28, 2023;

WHEREAS, Defendants intend to file a motion to dismiss the Federal Securities Litigation after the court enters an order appointing the Lead Plaintiff and Lead Counsel and the Lead Plaintiff identifies the operative complaint thereafter;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency

of any motion to dismiss" and, as a result, discovery in the Federal Securities Litigation will be stayed at least until the United States District Court for the Southern District of New York decides the Federal Securities Litigation Defendants' anticipated motion to dismiss;

WHEREAS, in light of the substantial overlap of issues between the Federal Securities Litigation and this Maryland Derivative Action, and without waiving any rights or positions of any party, the resolution of the motion to dismiss in the Federal Securities Litigation is likely to shape the issues and discovery (if any) in this Maryland Derivative Action;

WHEREAS, courts in this district regularly grant parties' request to stay derivative actions when there is a pending related securities action. *See, e.g.*, *Weintraub* v. *Gold, et al.*, Case No. 1:23-cv-00737-GLR (D. Md. Apr. 17, 2023) (Docs. 4 & 5) (granting parties' joint motion to stay the derivative action pending resolution of the motion to dismiss in a related securities action); *Liu* v. *Richman, et al.*, Case No. 8:21-cv-00754-GJH (D. Md. May 17, 2021) (Docs. 8 & 9) (same); *Levine* v. *Kramer, et al.*, Case No. 8:23-cv-02969-DLB (D. Md. Jan. 16, 2024) (Docs. 27 & 28) (approving parties' joint stipulation to stay the derivative actions until the close of fact discovery in a related securities action);

WHEREAS, to avoid duplicative effort by the parties and the Court, in light of the overlap between this Maryland Derivative Action and the Federal Securities Litigation, and in light of the stay of proceedings that will commence by operation of law upon the filing of a motion to dismiss in the Federal Securities Litigation, Plaintiff and the Stipulating Defendants have agreed that this Maryland Derivative Action should be voluntarily stayed on the terms set forth below;

WHEREAS, the Stipulating Parties agree that the Stipulating Defendants shall not be required to respond to the complaint while the Court considers whether to so-order the Stipulation and enter a stay, and should the case not be stayed, the Stipulating Parties shall meet and confer

regarding a briefing schedule for any motion to dismiss.

NOW THEREFORE, it is hereby stipulated by and between the Stipulating Parties that, subject to the Court's approval:

1. The Stipulating Defendants have accepted service of the complaint and summons.

2. This Maryland Derivative Action shall be stayed unless and until either: (1) the Federal Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the motion to dismiss in the Federal Securities Litigation is denied, and all appeals related thereto have been exhausted; or (3) Plaintiff provides the written notice pursuant to Paragraph 5 of this Stipulation.

3. This Maryland Derivative Action shall be stayed, and no scheduling order issued, upon the Court's so-ordering this Stipulation as an Order of the Court ("Order").

4. The Stipulating Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims. The Stipulating Parties agree that when a shareholder derivative action that properly belongs as part of this Maryland Derivative Action is hereinafter filed in this Court or transferred to this Court, counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly-filed or transferred action. The Stipulating Parties agree that counsel for Plaintiff shall advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this Order with the Court. The Stipulating Parties agree that any objections to the terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Counsel for Plaintiff and on all Defendants.

5. The Stipulating Parties agree that if the plaintiff in any derivative lawsuit making the same or similar allegations refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon fourteen (14) days' notice in writing to the undersigned counsel for Defendants via email.

6. In the event that the Stipulating Defendants agree to engage in a mediation with plaintiff in the Federal Securities Litigation or the New York Derivative Litigation during the pendency of the stipulated stay, the Stipulating Defendants shall promptly provide Plaintiff with notice of such mediation, and shall make a good faith effort to include Plaintiff in any such mediation. In the event that the Stipulating Defendants' good faith efforts do not result in Plaintiff's inclusion in the mediation, then the Stipulating Defendants agree to mediate with Plaintiff in the Maryland Derivative Action at or about the same time.

7. In the event that Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in any related derivative litigation, or pursuant to any related shareholder demand for an inspection of books and records on behalf of MPT, then copies of such documents shall be provided to Counsel for Plaintiffs within ten (10) days of such production, subject to the execution by Plaintiff of a reasonable confidentiality agreement governing the use and disclosure of these materials.

8. Within fourteen (14) days of the date on which the stipulated stay terminates, the Stipulating Parties shall meet and confer to discuss a proposed scheduling order and submit a proposed schedule for the Court's consideration. The Stipulating Defendants shall not be required to respond to the complaint in this action until such time as the Court enters a scheduling order.

9. Nothing shall prevent the Stipulating Defendants from moving to stay the Maryland Derivative Action until final disposition of the Federal Securities Litigation in the event that

Case 1:24-cv-00527-SAG Document 17 Filed 05/08/24 Page 6 of 7

litigation is not dismissed.

10. Nothing herein shall be construed as a waiver of any Party's rights or positions in law or in equity, including as to proper forum or venue, or as a waiver of any defenses that any Party would otherwise have, and the Parties reserve all such rights.

Dated: May 8, 2024.

/s/ *Jaime W. Luse*
Jaime W. Luse (Fed. Bar No. 27394)
Jung Yong Lee (Fed. Bar No. 22077)
TYDINGS & ROSENBERG LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Telephone: (410) 752-9700
jluse@tydings.com
jlee@tydings.com

Gregory M. Egleston
Thomas J. McKenna
GAINEY MCKENNA & EGLESTON
260 Madison Avenue, 22nd Fl.
New York, NY 10016
Telephone: (212) 983-1300
tjmckenna@gme-law.com
gegleston@gme-law.com

*On behalf of the Plaintiff*
(signed by G. Stewart Webb with permission of Jaime W. Luse)

/s/ *G. Stewart Webb, Jr.*
G. Stewart Webb, Jr. (Fed. Bar No. 00828)
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 244-7400
gswebb@Venable.com

*On behalf of Defendants*

Case 1:24-cv-00527-SAG Document 17 Filed 05/08/24 Page 7 of 7

**[PROPOSED] ORDER**

Pursuant to the parties' stipulation, it is SO ORDERED.

Dated: ________May 9__, 2024

/s/

______________________________

Hon. Stephanie A. Gallagher
United States District Judge